IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                       CIV 16-0737 LH/KBM
                                                         CR 08-0057 LH

JABSIE DWAYNE LEWIS,

      Defendant.


**ORDER DENYING STAY AND SETTING HEARING FOR ORAL ARGUMENT**

THIS MATTER is before the Court on Defendant's Emergency Motion to Correct Sentence under 28 U.S.C. § 2255 *(CV Doc. 1, CR Doc. 135)*. The Honorable C. LeRoy Hansen referred this matter to me in accordance with the provisions of 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. *CV Doc. 2.* The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities.

The Government contends that this matter should be stayed until the Supreme Court hands down its decision in *Beckles v. United States*, (S. Ct. No. 15-8544) as to: "(1) whether the holding in *Johnson v. United States* [135 S. Ct. 2551 (2015)] applies to the residual clause of USSG § 4B1.2; and (2) if so, whether *Johnson* applies retroactively to Sentencing Guidelines cases on collateral review in which the sentence was enhanced

by the residual clause in § 4B1.2." *CV Doc. 137* at 11. The Supreme Court heard arguments in the *Beckles* case on November 28th, and a decision is expected before the summer recess in 2017. Clearly, the Court would be aided by such guidance.

Recent Tenth Circuit unpublished decisions, however, persuade this Court that it must address the merits of a *Johnson* claim where the defendant "will effectively be denied his right to timely resolution of his § 2255 motion." *United States v. Smith*, No. 16-8091 (10th Cir. Nov. 9, 2016), quoting *United States v. Miller*, No. 16-8080, slip op. at 7 (10th Cir. Nov. 2, 2016) (unpublished) (issuing writ of mandamus and directing district court to vacate stay and address merits); *United States v. Carey*, No. 16-8093 (10th Cir. Nov. 4, 2016) (unpublished) (same). Here, Defendant Lewis contends that he would now be eligible for a time-served sentence without the career offender guideline enhancement if successful on the § 2255 motion, *Doc. 142*; thus, a *Beckles* stay is inappropriate.

Having reviewed the written briefs, the Court is concerned that certain preliminary issues have yet to be addressed. Specifically, the arguments of counsel do not discuss the effect of parties' binding agreement to a sentence of 188 months of imprisonment. *See e.g., United States v. Grayson,* 387 F. App'x 888, 889 (10th Cir. 2010) ("Grayson may not seek a sentence reduction under [18 U.S.C. § 3582(c)(2) ] as his sentence was part of a plea agreement specifying a term of imprisonment pursuant to Rule 11(c)(1)(C)."). Nor have the parties addressed the effect of the waiver of appeal and collateral relief rights set forth in the plea agreement.[1]  *See United States v. Frazier-LeFear*, No. 16-6128, 2016 WL

---

[1] On direct appeal, the Tenth Circuit expressly granted the Government's motion to enforce Mr. Lewis' appeal waiver provision in his plea agreement. *CR Doc. 114-1*. That provision at page 10 of the Plea Agreement states that "[i]n addition, [Mr. Lewis] agrees to

7240134 at *5 (10th Cir. Dec. 15, 2016) (unpublished) (enforcing lawful waiver as to a *Johnson* collateral challenge to the application of the career offender guideline "even if the alleged error [ ] arises out of a subsequent change in law and [ ] is of constitutional dimension").

The Court is inclined to hear oral argument from counsel on these issues, as well as those issues discussed in their briefing, rather than delay the proceedings further by ordering supplemental briefing. However, the Court requests that Counsel confer to see if either side desires to file a supplemental written brief, and if so, submit a proposed timetable for such briefing. If not, the parties are to contact my chambers staff with available dates for setting oral arguments.

**IT IS SO ORDERED.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE

---

waive any collateral attack to [his] conviction(s) pursuant to 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.